By the Court. Oakley, Ch. J.
There is no force in the objection, that the answer of the defendant does not expressly refer to the statute of frauds. In all cases, more especially since the code where the provisions of a public statute are relied on, as creating a right of action or a valid defence, it is sufficient for the party to set forth the facts which, he is advised, bring his case within the statutory provisions, leaving the court to determine whether they apply or not, either upon a demurrer, or upon the trial. In pleadings under the code, in which facts alone, as distinguished from conclusions of law, are proper to be stated, it may be doubted whether an express reference to a statute of which the court is bound to take notice, might not be struck out as redundant.
Nor can we say that the defendant, by the terms of his answer, is precluded from setting up the statute of frauds as a defence. The answer begins with a positive allegation that no such memorandum was made by the auctioneer, as the statute requires; and we do not think that this allegation is contradicted, or waived by the averments that follow. At any rate, as the plaintiff has taken issue upon the defence, it is too late for him now to raise the objection. Where two inconsistent defences are set up, one of them may be struck out upon motion; but when no such motion is made, the defendant may make his election upon the trial. .
We pass then without further remarks to the question, whether the defence founded upon the statute of frauds is sustained by the evidence. It is not necessary to advert at all to the several defects that are alleged to exist in the auctioneer’s memorandum of the sale; for, admitting that the memorandum contains all the particulars which the statute calls for, and is perfect in its form, there remains an objection to its validity, which we are constrained to believe, and must therefore say, is unanswerable and fatal.
*140 The second section of the second title of the statute declares that the memorandum of the auctioneer shall be made by the proper entries in his sales book “at the time of the sale,” and these words the Supreme Court has decided in Hicks v. Whitmore (12 Wend. 554), must be strictly construed and strictly complied with. The construction which the court then adopted is, that the memorandum must be completed by the proper entries in the proper book, as soon as the goods are struck down to the purchaser, and before the auctioneer enters upon any other business or transaction whatever. This construction may seem to be rigid, but the observations of Chief Justice Savage go far to show that it corresponds with the policy of the law, and was probably necessary to carry into effect the intention of the Legislature. The Legislature did not mean that the memorandum should be in any degree an act of memory. They meant it to be an immediate record of the facts as they occurred. Had we even entertained serious doubts p as to the propriety of this decision of the Supreme Court, it has remained unquestioned for so long a term of years, that we should have held ourselves bound to follow it.
In this case a partial memorandum was made at the time of the sale, but the name “ Goelet,” as that of the person upon whose account the sale was made, was not then entered, and until this entry was made there was no such memorandum as the statute required. The testimony leaves it doubtful whether this necessary entry was made on the same or on a subsequent day, but if "made on the day of sale, it is certain that it was not .until some hours after the sale was over. The memorandum produced, we are therefore forced to say, is not such a note in writing as was necessary to be proved to give validity to the contract.
It was said, however, that although the memorandum, for the reason given, or any other, may be deemed an insufficient compliance with the provisions of the statute, it may still be received as evidence of a contract binding upon the parties, and that its reception as such evidence is not forbidden by the statute. The law (we were told) is settled that an auctioneer is the- agent of both the parties, and it therefore follows that any memorandum or note in writing made by him is just as *141 valid as if signed by the parties themselves. It is not necessary to deny that the memorandum produced, if signed by the parties, would be sufficient evidence of a contract, but the conclusion that it is therefore sufficient to bind them in its actual state, we cannot hesitate to reject. It is drawn from false premises. The auctioneer, by virtue of his office, is not the agent of the parties, unless in the discharge of his duties, he follows the directions of the statute. He has no authority whatever to bind them by any other course of proceeding than that which the statute prescribes. The English decisions relative to the implied powers of an auctioneer as the agent of the parties, and those in our own courts, before the Revised Statutes were in force, have no application. The fourth section, upon the construction of which the question turns, is a new provision, and the precise directions which it gives, were meant to redeem the law from the uncertainty in which it was previously involved. The meaning of the statute, reading the third and fourth sections in their necessary connexion, evidently is, that every sale of goods at public auction where the price is fifty dollars or more, shall be wholly void, unless the goods are then paid for or dehvered in whole or in part, or the exact memorandum which the statute describes is then made. By deciding that a defective memorandum, or one not made at the time, may be received as evidence of a valid sale, we should, so far as our own power extends, repeal the law.
The supposition that there was in this case such a virtual delivery of the horses, as, without any memorandum or note in writing, was alone sufficient to bind the contract, is plainly inconsistent with the complaint, and, we think, is contradicted by the proof. The complaint admits that there was no such delivery, and the proof shows that the admission was proper and necessary.
The motion to set aside the report of the referee is denied, and the judgment appealed from affirmed with costs.(a)

 The twenty-sixth section of the statute regulating sales by auctioneers (1 R. S. pp. 628, 632), which was not cited upon the argument, makes it the duty of the auctioneer, when the bargain of sale is not immediately executed, to enter on his sales book the same memorandum which the statute of frauds describes, but *142 m this section the words “ at the time of the sale ” are omitted, and it is this omission that has probably led to an erroneous practice. It does not seem, however, to furnish any reason for varying the construction of the words in the section in which they are found.—Reporter.