## WASHBURN vs. FRANKLIN.

In an action to recover damages for the non-performance of a contract for the purchase of stock, it is not necessary for the plaintiff to allege, in his complaint, that he was the owner of the stock at the time of making the contract, or that the contract was in writing.

DEMURRER to complaint. The action was brought to recover damages for a breach, by the defendant, of a contract to purchase stock from the plaintiff. The contract was made previous to the passage of the act of 1858 (*Laws, p.* 251,) repealing the statute which prohibited stock-jobbing. The complaint did not aver that, at the time of making the contract, the plaintiff was the owner of the stock, or in pos-

session of it; nor that the contract was in writing. The defendant demurred, alleging the want of these averments as grounds of demurrer.

———— ————, for the plaintiff.

*Chas. T. Sanford,* for the defendant.

INGRAHAM, J. The defendant demurs to the plaintiff's complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The action is upon a stock contract, and the defendant's objection to the complaint is that it does not aver that the plaintiff was the owner of the stock, at the time of the sale; or that the contract was in writing. There is no doubt the statute requires, in order to make the contract valid, that the party contracting to sell shall either have the certificate, or be otherwise entitled to sell the same. (1 *R. S. p.* 710.) But it never was necessary to aver such possession, in the declaration, before the code; nor do I think it necessary now. The fact on which the plaintiff relies, is the making of the contract. This is admitted by the demurrer. It must be a legal contract or it is nothing, and issue upon the question whether a contract was made or not would involve its legality, and of course would include the requisite facts to make the contract a legal one.

These remarks apply to the objection that the complaint does not allege that the contract was in writing. I adhere to the opinion that it was unnecessary, as was held in *Stern* v. *Drinker,* (2 *E. D. Smith,* 401.) The same rule would apply to cases under the statute of frauds. In such cases it is unnecessary to aver it. If any legal contract is made, it must be in writing. If not a legal contract, it is no contract. The evidence to prove the contract need not be set out, but only that a contract was made. The mode of making is matter of evidence.

The plaintiff suggested that this defense would now be unavailing, as the legislature had repealed the stock-jobbing act.

Ferris v. Ferris.

The statute only applies to contracts thereafter made, which contracts are made valid by the 1st section. Whether the repeal of the statute, by the 2d section, could validate the contract which was otherwise void, may well be doubted. In the case of contracts void for usury, the legislature have forbidden corporations to set up the defense. · Although the effect of such prohibition is virtually to render the contract effectual, still it does not go so far as to declare a void contract a valid one; and I should hesitate in giving such a construction to the repealing clause. It is unnecessary, however, here to pass upon that question.

Judgment for the plaintiff, on the demurrer, with leave to the defendant to withdraw demurrer, and answer on the payment of costs.

[NEW YORK SPECIAL TERM, June 14, 1858. *Ingraham*, Justice.]