Berrien *v.* Southack.

*(City Court of New York, General Term. October 31, 1889.)*

1. Statute of Frauds—Contract not to be Performed within a Year.

In March, 1887, plaintiff made an oral contract to work for defendant from May 1, 1887, to May 1, 1888. In October, 1887, defendant became displeased with plaintiff because of a mistake made by him, and said that he would let him (plaintiff) go. Afterwards defendant agreed to let the matter remain in abeyance, and finally "called it off." Plaintiff then went on with his duties as before. Nothing was said at this time as to term of service, duties, salary, etc., all of which were governed by the contract made in March, 1887. *Held,* that no new contract was made in October, 1887, so as to take the case out of the statute of frauds as a contract not to be performed within a year.

2. Same—Pleading.

Where defendant denies that he made the contract sued on, he may prove that there was no contract in writing, as required by the statute of frauds.

Appeal from trial term.

Action by William M. Berrien against Frederick Southack for the wrongful discharge of plaintiff from defendant's service. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before McAdam, C. J., and Ehrlich and Holme, JJ.

*Billings & Cardozo,* for appellant. *Mitchell & Mitchell,* for respondent.

McADAM, C. J.    The action is by an employe to recover damages for a wrongful discharge.    The contract, which was made, according to the complaint, in March, 1887, was to continue from May 1, 1887, till May 1, 1888. The plaintiff was discharged February 14, 1888, and recovered a verdict for salary, by way of damages, from that date until May 1, 1888.    As the contract declared on was an oral one, which, by its terms, was not to be performed within one year from the time of the making thereof, it was void under the statute of frauds.    3 Rev. St. (6th Ed.) p. 142, § 2, subd. 1; *Little* v. *Wilson*, 4 E. D. Smith, 422; *Nones* v. *Homer*, 2 Hilt. 116; *Levison* v. *Stix*, 10 Daly, 229; *Oddy* v. *James*, 48 N. Y. 685; *Wanamaker* v. *Rhomer*, 23 Wkly. Dig. 60.    The plaintiff, evidently feeling the force of this objection, undertook at the trial to show a new contract of hiring not alleged in his complaint, and made in October, 1887.    It appears that the defendant had become displeased with the plaintiff in reference to a mistake he had made in a lease, and had said he would let the plaintiff go.    After some conversation concerning the error, the plaintiff said he was sorry the mistake had occurred, and the defendant agreed to allow the matter to remain in abeyance.    The defendant finally "called the matter off," to use the language of the plaintiff, and he went on with his duties as before until he was discharged, February 14, 1888.    It is evident from what occurred that no discharge of the plaintiff in October actually took place, although it was strongly threatened and intended by the defendant.    The plaintiff did not leave the defendant's service in October, and never suspended the performance of any of his duties under the original contract for a single instant.    The so-called new contract did not specify a term of service, a rate of salary, mode of payment, nor did it define the duties of the employe.    All these were governed by the oral contract made in March, 1887.    It is evident, therefore, that the minds of the parties never united in the conclusion that a discharge was effected in October, and a new employment then consummated.    Calling the threatened discharge "off," and treating things accordingly, rendered the making of a new agreement unnecessary.    In order to constitute a new agreement in a case like the present, sufficient to take it out of the operation of the statute of frauds, it must clearly appear that it was the mutual understanding of the parties that the old contract was given up, or put to an end, and that a new one was accepted in its stead.    Such an understanding was not arrived at in this instance, either by the words employed by the parties, their acts, or by any logical implication to be drawn from them.    A mere threat to discharge, not acted upon by either party, does not terminate a contract of employment.    Recanting and recalling the threat, and allowing things to proceed as before, do not make a new engagement.    A gun is not discharged simply because the holder threatens to discharge it.    If the charge is fired, and the agent charged thrown out by the explosion, there has been an effectual discharge and separation; not otherwise.    The plaintiff was not sent away by the defendant in October.    There was no explosion, no discharge, no separation; nothing but an empty threat, unexecuted and withdrawn.    There was no appreciable time in October when he was not in the defendant's employ, subject to his orders and under his pay; all by force of the oral contract made in March, 1887.    So much for the contract portion of the case.

Next, as to the right of the defendant to invoke the protection of the statute of frauds under his answer, pleading a general denial, without referring to the statute.    The plaintiff urges that the objection that the statute is applicable has been waived by the defendant because it is not pleaded in his answer; and cites *Porter* v. *Wormser*, 94 N. Y. 431, to sustain his contention. In that case (on page 450) Judge ANDREWS, says:  "The general rule is that the defense of the statute of frauds must be pleaded, except where the complaint on its face discloses a case within the statute.    It cannot be doubted that if the defendants had brought an action to recover a balance claimed to

be due on the contract for the purchase of the bonds, without disclosing whether the contract was oral or written, the plaintiff would have been bound to plead the statute, to avail himself of its protection." The language of the court certainly sustains the claim made by the plaintiff's counsel; but, in considering its application, it must be limited to the circumstances of the case in which it was employed. The action was by bill in equity to open and review an account of transactions in the purchase and sale of stock and government bonds. The complaint, in substance, alleged the existence of a contract for the purchase of the bonds, and sought to avoid the loss charged thereon, "on the ground of fraud in the inception of the contract." The allegations of the complaint implied the existence of a legal contract, and did not impeach it as void under the statute; and the court properly held that "the plaintiff, having become an actor, and brought an action to impeach the account on grounds which implied the existence of a formal contract, is not in a position to question the validity of the contract under the statute;" citing *Cozine* v. *Graham*, 2 Paige, 177; *Vaupell* v. *Woodward*, 2 Sandf. Ch. 143; 2 Story, Eq. Jur. § 755. An examination of these authorities show the ground upon which the decision in *Porter* v. *Wormser*, *supra*, was made.

Judge Story (2 Story, Eq. Jur. § 755) says: "Courts of equity will enforce a specific performance of a contract within the statute, not in writing, where it is fully set forth in the bill, and is confessed by the answer of the defendant." The reason for this is that, the agreement being admitted, the case is taken out of the mischief intended to be guarded against by the statute, to-wit, fraud and perjury. *Vaupell* v. *Woodward*, 2 Sandf. Ch. 143, was decided upon the authority of *Cozine* v. *Graham*, 2 Paige, 177, in which the chancellor said: "The rule of pleading on this subject is well settled in the courts of law, and I do not see why the principle of that rule is not equally applicable to this court. It is there held that the statute did not alter the form of pleading; that, if an agreement or contract is stated in the declaration to have been made, it is not necessary to allege that it was in writing, as that will be presumed until the contrary appears. If the agreement is denied, the plaintiff must produce legal evidence of its existence, which can only be done by producing a written agreement, duly executed according to the provisions of the statute. If the agreement is admitted by the pleadings, no evidence to prove its existence is necessary; and the court never inquires whether it was or was not in writing." Hence it is that a complaint need not allege that a contract which would be void unless reduced to writing, and signed, was in fact in writing. *Marston* v. *Sweet*, 66 N. Y. 206; *Livingston* v. *Smith*, 14 How. Pr. 490; *Stern* v. *Drinker*, 2 E. D. Smith, 401; *Amburger* v. *Marvin*, 4 E. D. Smith, 393; *Washburn* v. *Franklin*, 7 Abb. Pr. 8, 28 Barb. 27. If the defendant, by not denying, admits the existence of the contract declared upon, he admits its legality, unless he specially pleads the statute of frauds, to-wit, that it was not in writing, and therefore void. But, where the defendant (as in this case) denies that he ever made such a contract as is alleged in the complaint, he need not plead the statute; and unless the plaintiff proves a contract valid in law he cannot recover. *Spear* v. *Hart*, 3 Rob. (N. Y.) 420; *Goelet* v. *Cowdrey*, 1 Duer, 132; *Champlin* v. *Parish*, 11 Paige, 405; *Harris* v. *Knickerbacker*, 5 Wend. 638; *Haight* v. *Child*, 34 Barb. 186; *Duffy* v. *O'Donovan*, 46 N. Y. 223. A defendant who denies that he ever made the contract alleged is certainly not bound to plead the contradictory defense that it was not in writing. If he never made the contract, it follows that it could neither be oral nor written; in short, it never had existence in any form whatever. If, in attempting to prove the contract alleged, the plaintiff fails to prove that it was made in a form sufficient to bind the defendant, how can he consistently ask a court of justice to hold the defendant liable on it, or complain if the court does not? Of course, if the defendant, by his written answer, admits the contract, legal evidence of it is furnished by the very admis-

sion, and no proof whatever is required on the subject. It is therefore clear that the court in *Porter* v. *Wormser, supra,* did not intend to establish any new rule of pleading, but simply applied existing rules to the peculiar circumstances of the case then under consideration. It follows that, as the contract sued upon was void by the statute, the plaintiff could not, in the face of the denial contained in the defendant's answer, recover, in the absence of an agreement in writing subscribed by the defendant. The contract being void, the defendant had the right to discharge the plaintiff at any time, without cause, upon paying him for the services actually performed; and this he did before suit brought. He can be required to do no more. The judgment appealed from must therefore be reversed, and a new trial granted, with costs to the appellant, to abide the event. All concur.