(31 Misc. Rep. 250.)

## PATTERSON v. POWELL.

(Supreme Court, Appellate Term. April 16, 1900.)

ATTORNEY AND CLIENT—NEGLIGENCE OF ATTORNEY IN CONDUCT OF CASE—LIABILITY TO CLIENT.

To a complaint for damages for the breach of an agreement not to be performed within a year, which did not disclose whether the contract was oral or in writing, defendant's attorney pleaded a denial of the contract, under which answer, according to the practice recognized by the decisions of the state courts for over 50 years, the statute of frauds was available

as a defense, if the evidence disclosed a contract within the statute. It was held in said action, however, by the court of appeals, contrary to the former decisions of the same court, that the statute of frauds, to be available as a defense, must be specially pleaded, and judgment went against the defendant because of the omission to make such plea. *Held*, that since such decision made a radical change in the system of pleading, which the attorney could not reasonably have anticipated, he was not guilty of negligence in the conduct of the defense.

Appeal from city court of New York, general term.

Action by Charles G. Patterson against Seneca D. Powell to recover for services rendered as an attorney. A counterclaim was interposed by defendant for damages for plaintiff's negligent discharge of his duties. From a judgment for defendant upon his counterclaim, affirmed by general term (62 N. Y. Supp. 1035), plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Walter K. Barton (Henry Major, of counsel), for appellant.
Robert C. Taylor, for respondent.

O'GORMAN, J.   This is an action brought by an attorney to recover for professional services rendered to the defendant in the case of Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. The defendant rested his defense upon the plaintiff's alleged negligence in the discharge of the duties in question, and interposed a counterclaim for $2,000, damages resulting therefrom. Upon the trial the complaint was dismissed, and judgment directed for the defendant on the counterclaim.

The action out of which this controversy arose was brought against the defendant to recover damages for the breach of an oral agreement for board and office room, not to be performed within a year, and consequently void under the statute; and the question presented for our consideration is, was the plaintiff guilty of negligence in omitting to plead affirmatively the statute of frauds? The answer in that action was verified on February 8, 1889. The action came to trial in the common pleas court in December, 1891. At that time the law seemed to be well settled in this state that where a contract was denied the plaintiff could avail himself of the statute because of the denial, without specifically pleading it, and that it was necessary to plead the statute only where the contract was admitted. The complaint in the action in question did not disclose whether the contract sued upon was oral or written, and, under the rule referred to, it did not seem to be necessary to allege the statute. Harris v. Knickerbocker, 5 Wend. 638; Bank v. Root, 3 Paige, 478; Coles v. Bowne, 10 Paige, 526; Champlin v. Parrish, 11 Paige, 405; Gibbs v. Nash, 4 Barb. 451; Alger v. Johnson, 6 Thomp. & C. 632; Blanck v. Littell, 9 Daly, 268; White v. Rintoul, 108 N. Y. 222, 15 N. E. 318; Billington v. Cahill, 51 Hun, 132, 4 N. Y. Supp. 660; Berrien v. Southack (City Ct. N. Y.) 7 N. Y. Supp. 324; Van Dyke v. Clark (Sup.) 19 N. Y. Supp. 650; Carling v. Purcell (City Ct. N. Y.) 19 N. Y. Supp. 183; Traver v. Purdy (Sup.) 25 N. Y. Supp. 452; Moak, Van Santv. Pl. (Ed. 1873) 555; Abb.

Tr. Br. Pl. (Ed. 1891) p. 794; Bannatyne v. Mining Co., 77 Hun, 293, 294, 28 N. Y. Supp. 334.

In Marston v. Swett (1876) 66 N. Y. 209, the court said:

"If the contract alleged in the complaint had been denied, or the statute of frauds had been set up as a defense, then it would have been necessary upon the trial to prove that the contract was in writing, if it was one which the statute required to be in writing. Moak, Van Santv. Pl. 203, and cases cited."

In Duffy v. O'Donovan (1871) 46 N. Y. 226, the court said:

"If the defendants had intended to insist upon the statute of frauds, or the invalidity of the contract for any other reason, they should have denied the making of the same, and put the plaintiff to proof or set up the special matter relied upon. Having admitted the contract, and not having pleaded the statute of frauds or insisted upon it in their answer, the defendants are deemed to have renounced the benefit of it."

In Abbott's Trial Brief on the Pleadings, a work of recognized merit in the profession, published in 1891 (section 1013), the rule was stated as follows:

"A defendant, who has denied the making of the contract alleged, can avail himself of the invalidity of the contract under the statute of frauds, even though he did not object to the admission of the evidence of such contract. The statute need not be pleaded unless the contract is admitted."

This statement of the practice then prevailing was fortified by abundant citation.

The first intimation to the contrary is found in the case of Porter v. Wormser, 94 N. Y. 441, decided January, 1884; but the precise point was not presented in that case, and the statement there made that the statute must be specifically alleged in order to invoke its benefit was mere dictum of the justice writing the opinion. This was the view taken of that case in Berrien v. Southack, Traver v. Purdy, and Bannatyne v. Mining Co., supra. In Meyers v. Donovan (Oct. 1884) 34 Hun, 115, the contract was expressly declared not to be within the statute, and the references therein made to the matter of pleading were based on Porter v. Wormser, and were therefore mere dictum. In Marie v. Harrison, 13 Abb. N. C. 210, 273, decided in 1883, the only other case opposed to the rule of pleading generally accepted at that time, the referee in his opinion stated that the statute of frauds must be affirmatively pleaded, and rested his conclusion on an English case based upon an English statute. In Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, the court repeats the dictum in Porter v. Wormser, but no question arising under the statute of frauds was raised, discussed, or mentioned on the trial or on appeal in that case. Indeed, the statute of frauds, as the opinion declared, was out of the case. Traver v. Purdy (Sup.) 25 N. Y. Supp. 452. In Wells v. Monihan, 129 N. Y. 161, 29 N. E. 232, decided in 1891, after the service of the answer in Crane v. Powell, the action was on a promissory note. The answer admitted the note, and the decision of the case did not turn on the statute. That Porter v. Wormser was never intended by the court of appeals itself as an authority upon the question of the availability of the statute of frauds under a general denial is evident from the fact that the old rule was applied by the court of appeals in two subsequent cases. Moreover, Mr. Jus-

tice Earl concurred in the opinion in Porter v. Wormser, although he wrote the opinion in Marston v. Swett, supra, and was one of the dissenting judges in Crane v. Powell. In White v. Rintoul, 108 N. Y. 222, 15 N. E. 318, there was a general denial, and the statute was not affirmatively alleged. The judgment for the plaintiff was reversed in the court of appeals, the court saying: "The case is one in which a faithful observance of the statute of frauds requires us to say that the promise sued on is void for want of a writing;" and made no reference to Porter v. Wormser, although that case was the first one cited on the brief of the respondent in support of his contention that the defendant was without the benefit of the statute, because it had not been pleaded. In Matthews v. Matthews, 133 N. Y. 681, 31 N. E. 519, the court held the contract invalid under a general denial. Subsequently, when the same case came before the same court, in November, 1897 (154 N. Y. 293, 48 N. E. 531), the court refused to follow its decision in 133 N. Y. 681, 31 N. E. 519; saying that that decision was rendered before the case of Crane v. Powell had settled the rule in this state that the defense of the statute of frauds, to be available, must be pleaded.

Considering the state of the law and practice touching this subject at the time of the rendition of the services, it cannot be said that the plaintiff was guilty of negligence. For more than half a century the courts of this state had consistently declared the statute available under a general denial. There were no authorities opposed to this view; for dicta, however, much entitled to respectful consideration, are not recognized as authorities, will not be regarded by courts as adjudications, and are not binding on the tribunals that pronounce them. The plaintiff might well have reasoned that the court would not disturb what had been regarded by the profession for a long period as a well-settled principle of pleading. The plaintiff was called upon to pursue one of two courses. The one he followed had the support of authority, and his judgment cannot be impeached if he regarded the other as opposed to reason, principle, and authority. It does not follow that, because the court afterwards adopted a different view of the law, negligence must be imputed to the attorney. At most, it was but a mere misjudgment on a doubtful question of law, and an attorney cannot be held guilty of negligence in case of a reasonable doubt. He is only bound to exercise the ordinary legal skill and knowledge of his profession, and is not liable for every error of judgment or opinion as to the law. Where he errs on a question not elementary or conclusively settled by authority, that error is one of judgment, for which he incurs no liability. Byrnes v. Palmer, 18 App. Div. 1, 45 N. Y. Supp. 479, affirmed in 160 N. Y. 699, 55 N. E. 1093; Bowman v. Tallman, 27 How. Prac. 275, affirmed in 3 Abb. Dec. 182; 3 Am. & Eng. Enc. Law (2d Ed.) 380.

Surely, it will not be contended that the law, as declared in Crane v. Powell, supra, was conclusively settled at the time the answer was interposed by the plaintiff. Judges Peckham and Earl, by their dissent, declared that the law as laid down in that case was not in harmony with the adjudications. As late as 1894, Mr. Justice

Van Brunt asserted that the rule applied in Crane v. Powell "is contrary to all the authorities cited to support it." Bannatyne v. Mining Co., supra. It seems a monstrous proposition to assert that an attorney can be guilty of malpractice when his professional conduct is vindicated by the judgment of distinguished jurists of large experience and high attainments, two of them members of the very bench that pronounced the decision now used to assail the ability and to impugn the action of the attorney. It demonstrates, at least,—indeed, it must be held to be indisputable,—that the principle of law in question was not well settled in 1889, and the plaintiff was therefore blameless for not conforming his conduct to it.

We have pressed upon our consideration, however, the inquiry as to whether the plaintiff should not have reasonably anticipated the decision as finally made. The statute provides that certain contracts not in writing are "void." All the earlier cases proceeded upon the theory that, under a general denial, the plaintiff was required to establish a legal claim valid under the statute, or fail. In Crane v. Powell, the justice writing the opinion stated that it was desirable to assimilate the practice regarding the defense of the statute of frauds with the statute of limitations, usury, and gaming and betting, and that, as those defenses must be affirmatively set up, no good reason could exist why a different rule should prevail in reference to the former statute. The attention of the learned justice was probably not called to the fact that the statute of limitations cannot be invoked, except affirmatively pleaded, because of an express statutory provision which declares the statute waived unless pleaded. Section 413, Code Civ. Proc. Usury and the other defenses obviously constitute new matter. New matter is extraneous to that set up as the basis of the action in the complaint. It is that which admits and seeks to avoid the cause of action alleged. A denial puts in issue whatever the plaintiff must prove to establish his cause of action. What the consensus of judicial thought in this state formerly held to be available under a general denial was determined in this decision by a divided court, to be waived unless set up as new matter.

Defendant's contention that the plaintiff should have anticipated such a result is entirely without support. That this case made a radical change in our system of pleading is now generally recognized. Indeed, that seems to be conceded by the learned court itself. We are thus led to the conclusion that there was no negligence on the part of the plaintiff. It was error, therefore, to dismiss the complaint, and to direct a verdict for the defendant on the counterclaim.

Judgment appealed from reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.