■ 211 WEST 56TH STREET ASSOCIATES, Appellant, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents. — Order and judgment, Supreme Court, New York County, entered June 29, 1979, granting cross motion of respondents to dismiss the petition as a matter of law, unanimously reversed, on the law, without costs or disbursements, the cross motion denied, and the matter remanded. This proceeding was instituted to review respondents' determination, denying in part, petitioner's application for a certificate of eligibility for partial tax exemption under section 421-a of the Real Property Tax Law. The property for which the tax exemption was sought is

a 35-story mixed-use building for which construction was completed in 1977. The petition alleged four causes of action. After it was filed, respondents moved pursuant to CPLR 3211 (subd [a], par 7) and CPLR 7804 (subd [f]) to dismiss for failure to state a cause of action. Without notice to the parties Special Term converted the cross motion into one for summary judgment, and dismissed the petition, although the dismissal of the fourth cause of action was without prejudice to any subsequent application by petitioners for a recalculation of the tax exemption upon a showing of arithmetical error. If a motion to dismiss is made pursuant to CPLR 3211 (subd [a]) or 3211 (subd [b]), notice of the court's intention to convert the motion into one for summary judgment must be given to the parties. (CPLR 3211, subd [c].) On a motion to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7) only the allegations of the petition may be considered *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636), and "affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint". The opinion of Special Term indicates that additional documents submitted by respondents were considered, including a declaration drafted five months after the occurrence of the subject of the petition — the partial denial of the tax abatement. Thus, the matter must be remanded, and, if the court wishes to consider the motion as one for summary judgment, it must afford petitioners the opportunity to submit further supporting evidence. Concur — Birns, J. P., Sullivan, Markewich, Silverman and Yesawich, JJ.