■ JUNE ROSNER, Plaintiff, v LOUIS J. PALEY et al., Defendants. LOUIS J. PALEY et al., Plaintiffs, v JUNE ROSNER, Defendant. LOUIS J. PALEY et al., Third-Party Plaintiffs-Appellants, v PHILIP R. FORLENZA et al., Third-Party Defendants-Respondents. — Order of the Supreme Court, New York County (David B. Saxe, J.), entered on October 25, 1982, which dismissed the third-party complaint by defendants and third-party plaintiffs, is reversed, on the law, and the motion to dismiss the third-party complaint is denied, with costs and disbursements. ¶ Plaintiff commenced the instant action against defendants, her former attorneys, for their alleged legal malpractice in advising her to sign a settlement agreement with regard to a disputed family trust.

Defendants thereupon served a third-party complaint upon plaintiff's present lawyers, third-party defendants herein, on the ground that the latter had committed malpractice in counseling her on the trust and in instituting the case of *Matter of Rosner v Caplow* (105 Misc 2d 592, mod 90 AD2d 44, affd 60 NY2d 880) and that they were, therefore, liable for contribution to the defendants in the event of an award in favor of plaintiff. The third-party defendants then moved pursuant to CPLR 3211 to dismiss the third-party complaint for failure to state a cause of action and as being contrary to sound public policy. In granting the motion to dismiss, Special Term concluded that the legal advice provided by the second group of lawyers did not constitute malpractice and that, further, public policy mandated dismissal since allowing the third-party complaint to stand would create a conflict of interest for plaintiff's current attorneys. ¶ In *Schauer v Joyce* (54 NY2d 1), the Court of Appeals held that a lawyer being sued by a former client for malpractice could properly bring a third-party claim for contribution against another attorney who later represented the client in the same matter. At issue in that case, as is also the situation here, was whether such a complaint could withstand a motion to dismiss. A subsequent case interpreting *Schauer v Joyce* (*supra*) laid down three requirements of a valid claim for attorney contribution: (1) the third-party defendant owes a duty to the plaintiff in the main action, (2) there was a breach of this duty, and (3) the third-party defendant's breach of this duty contributed to the plaintiff's injuries. (*Crow-Crimmins-Wolff & Munier v County of Westchester*, 90 AD2d 785.) Applying these criteria to the instant matter, the third-party complaint contains sufficient allegations to defeat a challenge under CPLR 3211. ¶ Although Special Term attempted to distinguish between the facts in *Schauer v Joyce* (*supra*) and those involved here, the court made what is, in effect, a factual determination which might have been appropriate to a motion for summary judgment (CPLR 3212), but should not have been the basis for a decision on a motion to dismiss. Special Term and our dissenting brethren have addressed themselves to the merits of the case rather than limiting themselves to a consideration of the sufficiency of the third-party complaint. In that connection, a motion to dismiss may not be converted into a motion for summary judgment without giving the opposing party adequate notice to set forth its evidentiary case and not rely solely upon its pleadings (CPLR 3211, subd [c]; *211 West 56th St. Assoc. v Department of Housing Preservation & Dev.,* 78 AD2d 793). As the Court of Appeals explained in *Rovello v Orofino Realty Co.* (40 NY2d 633, 635): "The mere fact that, judged on the complaint and affidavits alone, plaintiff could not withstand a motion for summary judgment under CPLR 3212, which requires disclosure of all the evidence on the disputed issues, cannot be controlling. Of course, CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212 when defendant has made an evidentiary showing that refutes the pleaded cause of action. If plaintiff chooses to stand on his pleading alone, confident that its allegations are sufficient to state all the necessary elements of a cognizable cause of action, he is at liberty to do so and, unless the motion to dismiss is converted by the court to a motion for summary judgment, he will not be penalized because he has not made an evidentiary showing in support of his complaint. As amended in 1973, CPLR 3211 (subd [c]) explicitly requires that if the court decides to treat a CPLR 3211 (subd [a]) motion as one for summary judgment, it must first provide adequate notice to the parties, and thus give them an opportunity to make an appropriate record". Consequently, since the third-party complaint herein was sufficient on its face, Special Term was not warranted in granting the motion to dismiss. Concur — Ross, Milonas and Fein, JJ.

Kupferman, J. P., and Silverman, J., dissent in a memorandum by Silverman, J.; Kupferman, J. P., also dissents separately in a memorandum, both of which follow:

Kupferman, J. P., and Silverman, J., dissent in a memorandum by Silverman, J.: We would affirm the order appealed from. ¶ Third-party defendants — attorneys Hawkins, Delafield and Wood — represented plaintiff June Rosner who was at least a nominal trustee under the trust created by her father; there were at least doubts as to the validity of her appointment and the appointment of her cotrustees (see *Matter of Rosner v Caplow,* 105 Misc 2d 592, mod 90 AD2d 44, affd 60 NY2d 880); there were further questions as to whether there had been improprieties and defalcations in the administration of the trust; their client had entered into an agreement to waive an accounting, an agreement under which she received personal benefits and which might conceivably prejudice the rights of other beneficiaries; there was thus a question as to what their client's proper course of conduct should be. In the circumstances, the third-party defendants advised their client to seek the instructions and directions of the court by instituting an appropriate proceeding. ¶ This appears to be a classic case falling within the "mere error of judgment" rule with respect to professional malpractice: "The rule requiring him to use his best judgment does not hold him liable for a mere error of judgment, provided he does what he thinks is best after careful examination." (*Pike v Honsinger,* 155 NY 201, 210; see, also, *Patterson v Powell,* 31 Misc 250, affd on opn of App Term 56 App Div 624.) ¶ In particular, it is scarcely imaginable for it to be malpractice for an attorney, representing a fiduciary in a situation in which there is the slightest doubt as to the fiduciary's rights and duties, to advise the fiduciary to present the matter to the court and receive the court's instructions and directions. That is all that the third-party defendants did, and they were therefore clearly not guilty of malpractice. ¶ The facts upon which this dissent is based all appear from the pleadings without regard to extrinsic facts other than those of which the court can take judicial notice, e.g., the petition for instructions and directions and the decisions of Special Term, this court and the Court of Appeals on that petition. ¶ It may be as has been suggested that the claim for malpractice in the third-party complaint is no worse than the claim for malpractice made in the underlying complaint against defendants and third-party plaintiffs. But the parties are agreed that the validity of the malpractice claim in the underlying complaint is not before us and they have not briefed it.

Kupferman, J. P. (dissenting). While I agree with the dissenting opinion of my colleague, Silverman, J., I would go slightly further. ¶ On the theory that the best defense is an offense, the third-party plaintiffs-appellants have brought the third-party defendants-respondents into this case. When those third-party defendants were counsel to the plaintiff, it was a most justifiable ploy.* ¶ As the recent article in the New York Law Journal on Motions to Disqualify Opposing Counsel by Jonathan J. Lerner, (Feb. 7, 1984, p 5, col 1) points out, "gamesmanship" is involved. ¶ The third-party plaintiff law firm arranged a settlement for the plaintiff June Rosner. In a family dispute, such settlements are certainly desirable wherever possible. Yet the law firm was sued by that plaintiff for malpractice and her then new counsel also acting in a desirable way (as pointed out in Justice Silverman's dissent) thereby helped to create the problem before us. ¶ The Bible points out the truism, "A man reaps what he sows." (Galations 6:7.) It was only natural that the defendants should become third-party plaintiffs against their successor law firm, but that does not mean that they have a good cause of action, and, from what I have seen of the plaintiff's case, I don't think she has a good cause of action either. [116 Misc 2d 454.]

---

* The plaintiff now has new counsel.