■ In the Matter of JACQUELYN GARCIA, Appellant, v JOHN B. RHEA, as Chairperson and Member of the New York City Housing Authority, et al., Respondents. [924 NYS2d 790]—Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 9, 2010, denying the petition to vacate respondents' determination that petitioner is ineligible for Section 8 assistance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, and the petition reinstated.

The court erred in making findings of fact in granting respondents' motion to dismiss the petition for failure to state a cause of action (CPLR 3211 [a] [7]). Whether petitioner actually applied for Section 8 benefits and whether respondents actually denied that application are factual issues beyond the scope of the motion (*see Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1006 [2009]; *211 W. 56th St. Assoc. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 78 AD2d 793 [1980]; *see also Matter of Schwab v McElligott*, 282 NY 182, 185-186 [1940]).

We note that while the testimony of a representative of the Department of Homeless Services would be valuable in developing the factual record, "complete relief" can be accorded between the parties without making the Department a party (*see* CPLR 1001 [a]; 3211 [a] [10]). Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.